IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GETWELLNETWORK, INC.<br>7700 Old Georgetown Road<br>Bethesda, Maryland 20814 | * | |
| | * | |
| Plaintiff | * | |
| v. | * | Case No. |
| | * | |
| LARRY GROSSMAN<br>3305 Pinehurst Lane,<br>Louisville, Kentucky 40241 | * | |
| | * | |
| Defendant | * | |

* * * * * * * * * * * * *

## NOTICE OF REMOVAL

Defendant Larry Grossman ("Grossman"), by and through his undersigned counsel, pursuant to 28 U.S.C. § 1441 and § 1446, removes this action to the United States District Court for the District of Maryland, from the Circuit Court for Montgomery County, Maryland, where it is currently pending, and for grounds states:

1.  On November 13, 2013, GetWellNetwork, Inc. ("GWN") initiated this matter by filing a complaint against Grossman in the Circuit Court for Montgomery County, Maryland.

2.  The summons and complaint were served on Grossman on November 16, 2013.

3.  This Notice of Removal is timely pursuant 28 U.S.C. § 1446(b).

{00293374v. (13913.00001)}

4. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

5. There is now, and was at the time the complaint was filed, complete diversity of citizenship between plaintiff and defendant. GWN is and was a corporation organized under the laws of the State of Delaware with its principal place of business in Maryland. Grossman is and was a citizen of the Commonwealth of Kentucky.

6. Plaintiff's complaint fails to comply with Maryland Rule 2-305 by alleging either a specific amount of damages less than $75,000 or stating that the amount sought exceeds $75,000. Given the nature of the allegations, Plaintiff's failure to identify a specific damage amount under $75,000 can be interpreted reasonably to mean plaintiff's alleged damages exceed $75,000. Moreover, the value of an injunction may establish the amount in controversy, and that value is measured by the larger of two figures: the injunction's worth to the plaintiff or its cost to the defendant. *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 639 (4th Cir. 2010). Because GWN alleges it will suffer "irreparable harm", and it moves to enjoin Grossman from engaging in his current employment, the value of the injunction exceeds $75,000. In addition, Plaintiff's alleged economic damages and the value of an injunction may be aggregated to reach the jurisdictional threshold. *Id.* The amount in controversy, therefore, exceeds the sum or value of $75,000, exclusive of interest and costs.

7.  For these reasons, the Court has original jurisdiction over this matter under 28 U.S.C. § 1332(a), and removal to this Court is proper under 28 U.S.C. § 1441(a) and (b).

8.  Copies of all process, pleadings, and orders served on the defendant in the state court action accompany this notice.

WHEREFORE, Defendant Larry Grossman requests that this action be removed to the United States District Court for the District of Maryland, and that no further proceedings be had in the Circuit Court for Montgomery County, Maryland.

*/s/ Robert W. Hesselbacher, Jr.*
Robert W. Hesselbacher, Jr., Bar No. 02380
Marc A. Campsen, Bar No. 29791
Wright, Constable & Skeen, LLP
100 North Charles Street, 16th Floor
Baltimore, Maryland 21201
Phone: (410) 659-1317
Fax: (410) 659-1350

Counsel for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of December 2013, a copy of the foregoing Notice of Removal was served by first class mail, postage prepaid, to:

> John T. Koerner, Esquire
> Akin Gump Strauss Hauer & Feld, LLP
> 1333 New Hampshire Avenue, NW
> Washington D.C. 20036

_____
Robert W. Hesselbacher, Jr.